# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BENEDORTSE, LLC, )
)
      Plaintiff, )
)
      v. )    C.A. No. 25-1335-WC
)
WELLS FARGO BANK, N.A., )
)
      Defendant. )

## DEFENDANT WELLS FARGO BANK, N.A.'S
## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully moves the Court to dismiss Plaintiff BenedorTSE, LLC's ("BenedorTSE") Amended Complaint (Dkt. No. 6, "Am. Compl.") for failure to state a claim upon which relief can be granted. As detailed in the contemporaneously filed Memorandum of Law, Plaintiff's Complaint fails to allege sufficient facts to state plausible claims for relief for direct, indirect, and willful infringement of U.S. Patent No. 9,400,979 ("'979 patent"), U.S. Patent No. 8,463,713 ("'713 patent"), and U.S. Patent No. 8,260,723 ("'723 patent") (collectively "the Asserted Patents").

BenedorTSE's Amended Complaint should be dismissed in its entirety, with prejudice, for the following reasons as further detailed in the contemporaneously filed Memorandum of Law in support of Defendant's Motion to Dismiss.

***First***, the claims of the Asserted Patents are ineligible for patent protection under 35 U.S.C. § 101 as they are directed to the abstract idea of third-party financial transaction authorization and because they fail to transform that abstract idea into a patent-eligible claim. The claims of the Asserted Patents identify no technological innovation, no improvement to routine computer

functionality, and no advancement in network architecture. Instead, they merely recite the desired functional outcome of having a third party approve a financial transaction, implemented using generic computer components performing their ordinary functions. Patent protection is not permitted for such claims. Because amendment would be futile—BenedorTSE cannot change the nature of its expired patent claims—dismissal should be with prejudice.

*Second*, BenedorTSE's claims against Wells Fargo should be dismissed for failure to plead sufficient facts to state plausible claims for direct, indirect, or willful infringement of the Asserted Patents. BenedorTSE's allegations of direct infringement are not plausible because the Amended Complaint does not allege—as the claims of the Asserted Patents and the law requires—that Wells Fargo itself performs each step of the claimed methods. There can be no direct infringement where Wells Fargo performs some steps, but a customer and a customer's personal device perform the other steps of the claims of the Asserted Patents. Wells Fargo also cannot be vicariously liable for the actions of its customers or their personal devices, nor does the Amended Complaint plausibly plead such liability.  Additionally, BenedorTSE's claims of indirect and willful infringement of the '979 and '713 patents are not plausible and should be dismissed. Both indirect and willful infringement require pre-suit, pre-expiration knowledge of the patents, but the Amended Complaint fails to allege Wells Fargo had any pre-suit knowledge of the '979 patent, and it only alleges that Wells Fargo had knowledge of the '713 patent after the patent had expired in 2021. The alleged knowledge of the '723 patent cannot be imputed to the '979 or '713 patents, and so, BenedorTSE's claims of indirect and willful infringement of the '979 or '713 patents should be dismissed.

Dismissal is appropriate here because the Asserted Patents are directed to patent ineligible subject matter and because Plaintiff's claims of patent infringement fail to satisfy the applicable

pleading standards. Dismissal should be with prejudice because any amendment to the Amended

Complaint would be futile.

Date: **March 23, 2026**                                 Respectfully submitted,


By:  /s/ *R. Gregory Parker*
R. Gregory Parker (BPR #032516)
K&L GATES LLP
501 Commerce St., Suite 1500
Nashville, TN 37201
Tel.: (615) 780-6751
Fax: (615) 780-6799
**greg.parker@klgates.com**

Vincent J. Galluzzo
K&L GATES LLP
300 S. Tryon St., Suite 1000
Charlotte, NC 28202
Tel.: (704) 331-7400
**vincent.galluzzo@klgates.com**

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel.: (415) 882-8238
Fax: (415) 882-8220
**erik.halverson@klgates.com**

Kahlan E. Noel
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4227
**kahlan.noel@klgates.com**


*ATTORNEYS FOR DEFENDANT WELLS FARGO
BANK, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 23, 2026, the foregoing document was filed electronically through the Court's Electronic Case Filing System.  Service on this date of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System.

Respectfully submitted,


By:     /s/ *R. Gregory Parker*
        R. Gregory Parker