# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BENEDORTSE, LLC,

      Plaintiff(s),

v.

WELLS FARGO BANK, N.A.,

      Defendant(s).

Case No. 3:25-CV-01335

Judge William L. Campbell Jr.
Magistrate Judge Luke A. Evans

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred on March 18, 2026, to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Evans and the presiding District Judge. This order is submitted in advance of the Initial Case Management Conference scheduled for April 7, 2026.

A calendar date shall be proposed for each deadline.

### A.     JURISDICTION:

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

### B.     BRIEF THEORIES OF THE PARTIES:

**PLAINTIFF:** Plaintiff BenedorTSE, LLC ("Benedor") alleges that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has infringed U.S. Patent Nos. 8,260,723, 8,463,713, and 9,400,979 through its "Wells Fargo Mobile" banking application. The patents-in-suit relate to systems and methods for secure electronic transactions. Benedor alleges the infringement has been

willful and seeks damages for past infringement, a declaratory judgment of infringement and validity, enhanced damages for willful infringement, and its attorneys' fees and costs.

**DEFENDANT:** Wells Fargo denies that it has infringed any valid and enforceable claim of the patents-in-suit, either directly or indirectly. Wells Fargo asserts that the patents-in-suit are invalid for failing to meet the requirements for patentability under Title 35 of the United States Code. Wells Fargo further denies that any alleged infringement was willful and disputes Plaintiff's entitlement to damages, enhanced damages, or attorneys' fees.

**C.      ISSUES RESOLVED:**

The parties agree that this Court has subject matter jurisdiction and personal jurisdiction over the Defendant, and that venue in this District satisfies 28 U.S.C. § 1400, though, as discussed in Wells Fargo's Motion to Transfer filed March 23, 2026, Wells Fargo contends that this case should be transferred from this District for the convenience of the parties and relevant third-parties.

**D.      ISSUES STILL IN DISPUTE:**

The principal issues in dispute are: (1) whether Wells Fargo has infringed the asserted claims of the patents-in-suit, literally or under the doctrine of equivalents; (2) whether the asserted claims of the patents-in-suit recite patentable subject matter and are valid and enforceable; (3) the proper construction of disputed claim terms; (4) whether any infringement by Wells Fargo was willful; (5) the nature and amount of damages, if any, to which Benedor is entitled; (6) whether the Amended Complaint states a plausible claim for relief under Rule 12(b)(6); and (7) whether transfer of venue for convenience is warranted.

**E.      PROPOSED SCHEDULING AND DEFENDANT'S ANTICIPATED MOTIONS:**

On March 23, 2026, Wells Fargo filed a motion to dismiss and a motion to transfer venue.

2

**F.      INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before April 21, 2026.

**G.      CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

Fourteen (14) days after the issuance of a *Markman* order, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might further assist in resolution of the case and outline a proposal for timing of a settlement conference.

**H.      DISCOVERY:**

The parties shall substantially complete all written discovery and document production on or before October 9, 2026.  Fact discovery shall close January 22, 2027.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than February 5, 2027.

**I.      MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than July 7, 2026.

3

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**J.** **CLAIM CONSTRUCTION (MARKMAN) PROCEEDINGS:**

Exchange of Proposed Terms and Constructions: The parties shall simultaneously exchange a list of claim terms proposed for construction and their respective proposed constructions on or before November 6, 2026.

Joint Claim Construction Chart: After meeting and conferring, the parties shall file a Joint Claim Construction and Prehearing Statement that identifies the disputed terms, each party's proposed construction, and citations to intrinsic and extrinsic evidence supporting their positions. This joint filing is due on or before November 29, 2026.

Claim Construction Briefing:

Plaintiff's Opening Claim Construction Brief due: December 18, 2026.

Defendant's Responsive Claim Construction Brief due: January 15, 2027.

Plaintiff's Reply Claim Construction Brief due: January 29, 2027.

Page Limits: Opening and responsive briefs shall not exceed 25 pages. Reply briefs shall not exceed 10 pages.

**Markman Hearing:** A Markman hearing will be set by the Court. The parties propose the hearing be held in February 2027.

**K.** **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

Expert discovery shall proceed after the Markman Order.

The party bearing the burden of proof on an issue shall serve its opening expert reports on that issue on or before 60 days after the Court issues a *Markman* Order.

The party opposing an issue shall serve its responsive expert reports on that issue on or before 90 days after the Court issues a *Markman* Order.

All expert witnesses shall be deposed on or before 120 days after the Court issues a *Markman* Order.

**L. NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**M. DISPOSITIVE MOTIONS:**

Dispositive and *Daubert* motions shall be filed by no later than 150 days after the Court issues a *Markman* Order. Responses to dispositive and *Daubert* motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages.

**N. ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. The parties anticipate filing a stipulation of agreed-upon electronic discovery procedures. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their

agreement, they shall file it as a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

## O. MODIFICATION OF THE CASE MANAGEMENT ORDER:

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

## P. REQUESTS TO SEAL DOCUMENTS:

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. The parties recognize that certain highly confidential technical and

6

financial information may be produced during this case and will comply with all applicable laws and standards, including the forthcoming protective order in this case, regarding maintaining highly confidential information in this case.

**Q.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately 5–7 days. A trial date no earlier than 360 days following the entry of a *Markman* Order in this case is requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

7