UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BenedorTSE, LLC,<br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 3:25-cv-01335<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Plaintiff BenedorTSE, LLC commenced this case accusing defendant Wells Fargo Bank, N.A. of infringing on its patents for secured commercial transactions through the development of its mobile banking application. Defendant, however, has asserted that the application was developed in California and that most witnesses and evidence will be located in California and not in this District. Accordingly, defendant has filed a motion to change venue under 28 U.S.C. § 1404(a). (Doc. No. 14.) Plaintiff opposes the motion by challenging defendant's assertions about the locations of key witnesses and evidence. Plaintiff also emphasizes that, despite being a Delaware corporation, its managing member lives in this District and conducts business from his home here.

For the reasons below, the Court grants[1] the motion and directs transfer of this case to the Northern District of California.

[1] "A motion to transfer venue under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter that a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." *Sardeye v. Wal-Mart Stores E., LP*, No. 3:18-CV-01261, 2019 WL 4276990, at *1 (M.D. Tenn. Sept. 10, 2019) (internal quotation marks and citations omitted).

## I. Background

This case concerns allegations that defendant infringed three patents that plaintiff holds pertaining to methods for securing online commercial transactions. The patents officially issued in 2012, 2013, and 2016. Between 2009 and 2013, though, while the patent applications were pending, the parties discussed a proposal from plaintiff to license the patents for use in defendant's online banking software. Defendant ultimately declined to enter into any agreements, but plaintiff believes that defendant's mobile banking application has transaction security features that mimic the transaction security features described in the patents. Plaintiff filed the original complaint in this case on November 17, 2025 (Doc. No. 1) and the amended complaint on January 14, 2026 (Doc. No. 6). The amended complaint contains one count of infringement for each of the three patents that plaintiff holds.

On March 23, 2026, defendant filed the pending motion to change venue to the Northern District of California. Defendant argues that several important witnesses are located in California, including former employees of defendant who were involved in the discussions between the parties about a possible licensing agreement for plaintiff's patents. (Doc. No. 14 at 10; Doc. No. 28 at 3–4.) Defendant argues further that the location of evidence favors transfer because most design and development of the allegedly infringing application occurred in California and because "all documents pertaining to those activities are located in San Francisco or servers accessible to Wells Fargo's employees in San Francisco and not available in Tennessee." (Doc. No. 14 at 12.) Plaintiff's choice of forum, according to defendant, should not receive deference because plaintiff is a Delaware corporation that is neither located nor registered in Tennessee. (Doc. No. 14 at 12.) Finally, plaintiff argues that the infringement alleged here occurred everywhere in the country generally but that California has a much stronger public interest in the outcome of the case. (Doc. No. 14 at 13–14; Doc. No. 28 at 6–7.)

Plaintiff opposes the motion to transfer in all respects. Plaintiff asserts that its principal place of business is in Franklin, Tennessee, where its managing member resides and conducts business from his home. (Doc. No. 24 at 8.) Plaintiff notes that its counsel is a Nashville law firm with a single office in this District. (Doc. No. 24 at 8.) With respect to the location of witnesses, plaintiff has compiled a list of likely relevant witnesses; these likely witnesses are scattered across the country with only one specific witness and a category of current development employees located in California. (Doc. No. 24 at 5.) At the same time, plaintiff contends that some of defendant's information about likely witness locations was found online and is outdated or otherwise inaccurate. (Doc. No. 24 at 11–12.) Plaintiff argues that the location of evidence is a neutral factor that does not affect the transfer analysis because the evidence in this case will be in electronic format and can be accessible anywhere. (Doc. No. 24 at 13.) Plaintiff argues further that the alleged infringement occurred in Tennessee as much as it occurred anywhere else, meaning that the location of events giving rise to the litigation does not favor transfer. (Doc. No. 24 at 14.) Finally, plaintiff argues that public-interest factors weigh against transfer because Tennessee has an interest in the outcome of the case given the managing member's location; because plaintiff also has a related case against another company in this District; and because this District is a much less congested district than the Northern District of California. (Doc. No. 24 at 15–16.)

## II. Discussion

Regardless of their disagreement over whether another district would be a better fit, the parties agree that this case could be maintained here. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (notwithstanding the general venue provisions of 28 U.S.C. § 1391, Section 1400(b) is the exclusive provision controlling venue in patent infringement actions). The Court thus will proceed to assess the pending motion under 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no formula or checklist that applies to transfer requests across all cases. District Courts have broad discretion to evaluate the propriety of transfer based on the specific circumstances of each case, but among other considerations, they "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citations omitted). Sometimes, courts have named factors affecting transfer such as the convenience of the witnesses; the location of operative facts; the ability to compel unwilling witnesses; the interests of justice; ease of access to sources of proof; the convenience of the parties; and the plaintiff's choice of forum. *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (citations omitted). Other courts have organized essentially the same factors into private-interest factors that include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive; and into public-interest factors that include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citations omitted); *see also, e.g., Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D.

Tenn. 2008) (describing similar lists of private-interest factors and public-interest factors) (citations omitted).

Here, the totality of the private-interest factors and public-interest factors weighs in favor of transfer. The allegedly infringing application appears to have been developed wholly or substantially within the borders of the Northern District of California. The history of the application's development means that most document discovery, plus depositions of software developers and any negotiated viewings of source code or other technical information, will occur in California. *Cf. In re Toa Techs., Inc.*, 543 F. App'x 1006, 1010 (Fed. Cir. 2013) (unpublished opinion) (granting mandamus and directing transfer of a patent infringement case, where the venue in which the accused product was designed had a significant interest in trying the case); *O-Line Acad., LLC v. NBC Universal, Inc.*, No. 1:16 CV 90, 2016 WL 2997587, at *3 (N.D. Ohio May 25, 2016) (granting motion to transfer trademark infringement cases, where "all of the conduct of developing and approving the logo occurred in California"). With respect to the locations of witnesses, the parties have some disagreements about who the likely key witnesses will be and exactly where they are, but they do agree 1) that plaintiff's managing member is the only witness located within this District; and 2) that at least some witnesses are located in the Northern District of California. *Cf. Unique Prod. Sols., Ltd. v. HydroHeat, LLC*, No. 5:10CV1982, 2011 WL 13234737, at *3 (N.D. Ohio Apr. 5, 2011) (granting motion to transfer; in *qui tam* case alleging false patent marking, inventor of the patent was the only identified witness outside of the transferee district). To the extent that some other witnesses do not live in either district and would have to travel either way, this case will benefit from having those witnesses travel to the district that hosts some of the witnesses, most of the evidence, and most of the events leading to the development of the allegedly infringing application. *Cf. U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp.

1076, 1080 (E.D.N.Y. 1992) (granting motion to transfer where, *inter alia*, some witnesses would have to travel regardless of the host district).

Finally, public-interest factors related to court administration tip mildly in favor of transfer. For the 12-month period ending June 30, 2026, the median time from the filing of a civil case to disposition in this District was 9.7 months compared to 7.0 months for the Northern District of California. *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2026), https://www.uscourts.gov/data-news/data-tables/2026/06/30/federal-court-management-statistics/n-a-1 (last visited Oct. 27, 2026). Additionally, the Northern District of California will have ample familiarity with the issues in this case; for the 12-month period ending June 30, 2026, 634 intellectual property cases were filed in that district compared to only 92 filings in this District. *See* Table C-3—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (June 30, 2026), https://www.uscourts.gov/data-news/data-tables/2026/06/30/statistical-tables-federal-judiciary/c-3 (last visited Oct. 27, 2026). Case management statistics are only a minor factor here, and various statistics can be viewed in different ways, but the point is that differences in case management between the two districts do not present the impediment to transfer that plaintiff argues. *Cf., e.g., United States v. Quicken Loans Inc.*, 217 F. Supp. 3d 272, 279 (D.D.C. 2016) (differences in median filing times to disposition can be a minor factor in transfer analysis).

Overall, the factors that the Court discussed above outweigh plaintiff's original choice of forum. The Court concludes, therefore, that transfer is appropriate.

## III. Conclusion

For all of the above reasons, the Court GRANTS defendant's motion to change venue under 28 U.S.C. § 1404(a). (Doc. No. 14.) The Clerk of the Court is directed to take the steps necessary

to transfer this case to the Northern District of California. Defendant's currently pending motion to dismiss (Doc. No. 15) will be preserved for adjudication in the transferee court.

Because the order of transfer is a non-dispositive order from a Magistrate Judge,[2] the transfer is STAYED for 14 days after the date of entry of this order, should plaintiff choose to seek review from the District Judge under 28 U.S.C. § 636(b)(1)(A) and Federal Civil Rule 72(a). Should plaintiff choose to seek review, transfer will remain stayed until the District Judge adjudicates the objections.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[2] *See, e.g.*, *Sawyer v. Guerrero*, No. 2:26-CV-00027, 2026 WL 206313 (S.D. Tex. Jan. 27, 2026); *Brown v. Finley*, No. CV419-191, 2019 WL 4309016, at *1 (S.D. Ga. Sept. 11, 2019).